Daniel Jenks, Respondent, v. Donald Robertson, Appellant.

(Argued May 29, 1874; decided June 9, 1874.)

This action was brought by plaintiff, as assignee of one
John Passmore, upon a contract for the construction of sec-
tions six to thirteen, inclusive, of the Southern Central Rail-
road. The contract contained a provision that ten per cent
of the monthly estimates for work done and materials fur-
nished by Passmore should be retained and paid upon the
full performance of the contract.

Neither Passmore nor plaintiff completed sections twelve
and thirteen, and but a small amount of work was done
thereon. The contract was under seal. Before the time for
performance had elapsed, defendant made a parol agreement
with Passmore to release him from his covenants as to said
sections, and thereupon plaintiff discontinued work thereon.
Defendant entered into a contract with another party for the
completion of the two sections. To this contract Passmore
was neither a party or privy. The new contractor entered
upon the performance of his contract and continued work
until about the time fixed in Passmore's contract for its com-
pletion, when he abandoned it and defendant completed it at

a cost greater than what he would have incurred under the Passmore contract.

The action was to recover the ten per cent retained. Defendant claimed that the contract being under seal was not discharged or modified by the parol agreement, and that under the contract, the contractor not having performed in full, plaintiff could not recover. The court, without considering the common-law rule, that a specialty before breach could not be discharged by a parol executory agreement, *held*, that a recovery by plaintiff could be sustained under the rule that where performance of a covenant is prevented by him to whom performance is due, he cannot allege non-performance to defeat the action of the covenantor; that defendant, by contracting with another for the two sections and allowing him to enter on the work under the contract, might be considered as having prevented performance of the contract in question. Also, that the circumstances showed an executed rescission of the contract as to the two sections by the mutual acts of the parties, upon which ground some of the cases go to escape from a harsh and inequitable application of the doctrine of the common law. (See COWEN, J., in *Allen* v. *Jaquish*, 21 Wend., 630, 632, and cases cited.)

As to whether a parol modification of a sealed executory agreement may not, although ineffectual as an agreement, become, in connection with other circumstances, binding by way of estoppel, the court state it is not necessary to consider here, but cite *Munroe* v. *Perkins* (7 Pick., 298); *Lawrence* v. *Dole* (11 Vt., 549; 2 Am. L. C., 595).

*Samuel Hand* for the appellant.

*George Sidney Camp* for the respondent.

ANDREWS, J., reads for affirmance.
All concur.
Judgment affirmed.