THOMAS M. TYNG, Appellant, *v.* THE COMMERCIAL WAREHOUSE COMPANY OF NEW YORK, Respondent.

After a trial and the decision of a controversy as appearing upon the proofs, where no question was made during the trial as to their relevancy under the pleadings, it is not the duty or within the rightful authority of an appellate court to deprive the successful party of his recovery on the ground of incompleteness, or imperfection of the pleadings.

Plaintiff's complaint alleged a loan of money, in currency, to him by defendant, under an agreement that he should pay for the loan one-half of one per cent per month in currency, and seven per cent per annum in gold, gold being then at a premium of thirty-nine and one-half per cent. *Held*, that the facts set forth, as matter of law, constituted usury.

Defendant, by its charter, was authorized to receive on deposit personal property, to make advances thereon or on pledge thereof, to collect and receive interest and commission at the customary and usual rates; also to take the charge and custody of real and personal estate or choses in action, and to advance moneys thereon on such terms and commissions and at such rates of interest (not exceeding seven per cent) as should be established by its directors. *Held*, that these provisions did not repeal the usury laws in defendant's favor, or give it any greater power to charge commissions than that possessed by an individual engaged in the same business, and that the question whether commissions charged professedly under the charter were in fact usurious was one of fact for a jury.

Corporate powers are to be construed as conferred in subordination to the general laws of the State.

Plaintiff was allowed as damages for the conversion of certain bonds their value at the time of the conversion, with interest. *Held*, proper.

(Argued June 18, 1874; decided September 22, 1874.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon the report of a referee, and directing a new trial.

The complaint alleged in substance that, on the 5th of May, 1868, plaintiff borrowed of defendant $25,250, in currency, for ninety days, upon an agreement that defendant should pay for such loan one-half per cent per month in currency, together with interest at the rate of seven per cent per annum; that gold was then at thirty-nine and one-quarter per cent

premium in the market; that thereupon plaintiff made and delivered his promissory note for $25,641.75, payable ninety days after date, at seven per cent in gold, and at the same time deposited, as collateral security, thirty-four $1,000 bonds of the Western Pacific Railroad Company; that the time of payment was extended and the loan renewed twice, each for sixty days, at the same rate of interest, gold being, at the time of the first renewal, at forty-eight per cent premium; defendant also agreeing to pay, at each renewal, one per cent for the management, custody and charge of the securities; that, upon the last renewal, plaintiff made and delivered to defendant an agreement in writing for the payment of the amount, with interest as aforesaid, which agreement also gave a lien upon the bonds; that, on the 10th February, 1869, the amount due under the agreement remaining unpaid, defendant, upon due notice to plaintiff, sold the bonds at public auction, bid them in, and subsequently sold them at private sale. Plaintiff asked to have the agreement canceled, and that defendant deliver up said bonds, or pay the value thereof, with interest.

The case was tried and submitted upon the question as to whether the proof established usury; no question was raised on the trial as to the sufficiency of the pleadings. The referee found the facts substantially as alleged in the complaint; also that the value of the bonds was $34,000; and, as conclusions of law, that the loans were usurious, and that plaintiff was entitled to judgment for the value of the bonds, with interest from the time of their sale by defendant.

The act incorporating defendant contained these sections:

"Sec. 6. Said corporation shall have power to receive on storage or deposit any goods, wares, merchandise, or other kinds of personal property for safekeeping or shipment, and to make advances thereon or on the pledge thereof, and to transact and carry on all kinds of business usually transacted by warehousemen and lightermen within the limits of said port; and to collect and receive the usual and customary rates of dockage, wharfage, storage and lighterage, for the

use of their docks, quays, wharves and warehouses, and the machinery and elevators connected therewith, or the lighters employed by them, together with the charges and expenses incurred for labor, or otherwise, in the receipt, delivery or custody of merchandise received by or stored with said company, including such advances as may be made by said company on goods, wares and merchandise received by or stored with them, with interest and commission at the usual and customary rates; and all of said charges, expenses, advances, interest and commissions, above specified, shall be a lien, and said lien may be enforced by a sale thereof in the manner hereinafter specified.

"Sec. 7. This company shall have power to guarantee the payment or collection of promissory notes, bills of exchange, bonds, choses in action, and the punctual performance of all contracts and obligations, contracted at such rates of interest and upon such terms and commissions as may be established by the directors of said company; and also receive and take the management, charge or custody of real or personal estate or choses in action, and to advance moneys, securities or credits thereon, on such terms and commissions, and at such rates of interest as may be established by said directors, provided, however, that the rates of interest herein authorized shall not exceed seven per cent per annum."

*Wm. F. Shepard* for the appellant. The complaint and plaintiff's undisputed testimony establish a clear case of usury. (1 R. S., 773, § 5; 1 Edm. Stat. at Large, 726, § 5; *Gould* v. *Homer*, 12 Barb., 601; *Dagal* v. *Simmons*, 23 N. Y., 491; *Miller* v. *Schuyler*, 20 id., 522, 524; *Mer. Ex. Bk.* v. *Com. Warehouse Co.*, 49 id., 635; *Fiedler* v. *Darrin*, 50 id., 437; *Hall* v. *Ernest*, 36 Barb., 585; *Thomas* v. *Murray*, 34 id., 157; *Sweet* v. *Spence*, 35 id., 44; *Bk. of Salina* v. *Alvord*, 31 N. Y., 473; *Bk. of Utica* v. *Wager*, 2 Cow., 712, 769.) The complaint was sufficient as to the charge of usury. (*Fiedler* v. *Darrin*, 50 N. Y., 443; *Miller* v. *Schuyler*, 20 id., 524; *Mer. Ex. N. Bk.* v. *Com. W. Co.*, 49 id., 635;

*Gould* v. *Homer*, 12 Barb., 601; *Dagal* v. *Simmons*, 23 N. Y., 491; *Catlin* v. *Gunter*, 11 id., 368; *Lounsbury* v. *Purdy*, 18 id., 515, 520; *Holloway* v. *Stephens*, 2 N. Y. S. C., 562; *McKnight* v. *Devlin*, 52 N. Y., 399–404; *McCormick* v. *Sarson*, 45 id., 267; *Tift* v. *Moor*, 59 Barb., 619–627; *White* v. *Stillman*, 25 N. Y., 541, 542; *Pratt* v. *H. R. R. R. Co.*, 21 id., 305; *Johnson* v. *Hathorn*, 2 Abb. Ct. App., 465–469; *Schroeffel* v. *Corning*, 2 Comst., 132; Code, §§ 169–173.) When the principal contract is usurious the taint follows and avoids all subsequent contracts in substitution or renewal. (*Dowe* v. *Schutt*, 6 Den., 621; *Jacks* v. *Nichols*, 5 N. Y., 178; *Price* v. *Lyons Bk.*, 33 id., 55; *Standish* v. *Parmly*, 1 N. Y. S. C., 40.) The interest on the loan of May 5, 1868, was at a greater rate than seven per cent per annum. *Bk. of Com.* v. *Van Vleck*, 49 Barb., 508; *Luling* v. *At. Ins. Co.*, 50 id., 520; *Quin* v. *Lloyd*, 1 Swe., 253; *Bronson* v. *Rodes*, 7 Wall., 229; *Butler* v. *Horwitz*, id., 258; *Chrysler* v. *Renois*, 43 N. Y., 209, 215; *Fabbri* v. *Kalbfleisch*, 52 id., 28; *Robbins* v. *Dillaye*, 2 Keyes, 506, 509; *Eagleson* v. *Shotwell*, 1 J. Ch., 536; *Stuart* v. *M. and F. Bk.*, 19 J. R., 496; *Brown* v. *Vredenburgh*, 43 N. Y., 195.) If the transaction of May 5, 1868, had been made in form under sections 6 and 7 of defendant's charter, and if so made as a device to obtain usurious interest, defendant is not protected. (*Robbins* v. *Dillaye*, 2 Keyes, 506; *Eagleson* v. *Shotwell*, 1 J. Ch., 536; *Horton* v. *Moot*, 60 Barb., 27; *Fiedler* v. *Darrin*, 50 N. Y., 437; *Matthews* v. *Coe*, 49 id., 657.) A pledgee cannot buy in the pledge himself. (Story on Bail., 319; *Lewis* v. *Graham*, 4 Abb., 106, 112; *Bryan* v. *Baldwin*, 52 N. Y., 232.) Every fact necessary to sustain the referee's report was proved by plaintiff. (*Gill* v. *McNamee*, 42 N. Y., 44; *Campbell* v. *Woodworth*, 20 id., 499; *Roe* v. *Hanson*, 5 Lans., 305.)

*E. W. Stoughton* for the respondent. Courts must, in granting relief, proceed *secundum allegata et probata*. (*Coleman* v. *Second Ave. R. R. Co.*, 38 N. Y., 201, 204; *Degraw*

v. *Elmore*, 50 id., 1; *Ross* v. *Martin*, 51 id., 108; *Voorhees* v. *Bonesteel*, 16 Wall., 29; *Bailey* v. *Ryder*, 6 Seld., 370; *Rome Ex. Bk.* v. *Eames*, 1 Keyes, 592; *Wright* v. *Delafield*, 25 N. Y., 268, 270.) This rule is applied to the defence of usury. (*Morford* v. *Davis*, 28 N. Y., 484; *Cutler* v. *Wright*, 22 id., 472; *Manning* v. *Tyler*, 21 id., 567.) It was necessary for plaintiff to aver that the bonds were received and converted contrary to the statute against usury. (2 R. S., part 3, tit. 2, chap. 6, § 3, p. 352; 2 Edm., 363; *Schroeppel* v. *Corning*, 5 Den., 253; S. C., 2 Comst., 132; Code, § 148.) Unless a usurious agreement is averred with particularity and proved affirmatively and clearly it will not be judicially established. (*Nourse* v. *Prime*, 7 J. Ch., 77; *Livingston* v. *Harris*, 3 Paige, 533; *Vroom* v. *Ditmas*, 4 id., 526; *N. O. Gas L. Co.* v. *Dudley*, 8 id., 452, 457, 458; *Suydam* v. *Bartle*, 10 id., 97; *Curtis* v. *Masten*, 11 id., 17; *Manning* v. *Tyler*, 21 N. Y., 569.) To constitute a usurious agreement the borrower must agree to pay the sum loaned with interest absolutely unlawful. (*Spain* v. *Hamilton*, 1 Wall., 625.) This court cannot say judicially, without pleading and without proof, that the commission agreed upon was usurious. (*Seymour* v. *Marvin*, 11 Barb., 80; *Matthews* v. *Coe*, 49 N. Y., 60.) There is no evidence upon which to base the finding of the referee that the loan of May 5, 1868, was usurious. (*Seymour* v. *Marvin*, 11 Barb., 80; *Booth* v. *Swezy*, 4 Seld., 280; *Marvin* v. *Felter*, 8 Wend., 534; *Manning* v. *Tyler*, 21 N. Y., 569; *Thomas* v. *Murray*, 32 id., 612; *Valentine* v. *Conner*, 40 id., 252, 253; *Clark* v. *Sheehan*, 47 id., 196, 197; *Smith* v. *Marvin*, 27 id., 137; *Condit* v. *Baldwin*, 21 id., 221; *Mer. Ex. Bk.* v. *Com. W. Co.*, 49 id., 640; *Thurston* v. *Cornell*, 38 id., 281; *Fielder* v. *Darrin*, 50 id., 443; *Cornell* v. *Barnes*, 26 Wis., 473; *Sign* v. *Miller*, 1 Hill, 227; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 44; *Marvin* v. *Hynes*, 12 N. Y., 232.) This is not a case in which, under any circumstances, the highest value of the bonds at any time before the trial would be the damages. (*Matthews* v. *Coe*, 49 N. Y., 57; *Baker* v. *Drake*, 53 id., 211.)

JOHNSON, J.   The plaintiff had judgment on the report of the referee.   At General Term this judgment was reversed and a new trial ordered, upon a question of law only, as we are bound to hold; the reversal not appearing, by the judgment, to have been granted on the facts.   The inquiry before us is, therefore, whether the referee gave judgment contrary to the law.   No question appears to have been made during the trial in respect to the production of evidence founded on any notion of variance or insufficiency of allegation on the part of the plaintiff.   Had any such objection been made it might have been obviated by amendment in some form or upon some terms, under the ample powers of amendment conferred by the Code of Procedure.   It would, therefore, be highly unjust, as well as unsupported by authority, to shut out from consideration the case, as proved, by reason of defects in the statements of the complaint.   Indeed, it is difficult to conceive of a case in which, after a trial and decision of the controversy, as appearing on the proofs, when no question has been made during the trial in respect to their relevancy under the pleadings, it would be the duty of a court, or within its rightful authority to deprive the party of his recovery on the ground of incompleteness or imperfection of the pleadings.   These principles we regard as entirely settled.   (*Catlin* v. *Gunter*, 11 N. Y., 368; *Miller* v. *Schuyler*, 20 id., 524; *McKnight* v. *Devlin*, 52 id., 399.)

The plaintiff has, moreover, stated a case which makes out usury, upon the facts which he has set forth, as matter of law. For usury consists in the taking or reserving upon a loan of money interest at a greater rate than seven per cent per annum.   If this results from mistake or accident it is not usury; otherwise, it is.   (*Fiedler* v. *Darrin*, 50 N. Y., 443.) The plaintiff avers a loan of money, in currency, by the defendant to him, upon an agreement that he should pay the defendant, for the loan, one-half of one per cent per month, in currency, and seven per cent per annum in gold.   Leaving out of view the question as to the interest being required to be paid in gold, there is a clear excess of interest over seven

per cent per annum of one-half of one per cent per month. Even a contingent benefit beyond seven per cent per annum renders a contract usurious. (*Browne* v. *Vredenburgh*, 43 N. Y., 195.) Of course, the original transaction having been usurious, it is needless to trace the matter through the several renewals. None of them purged the loan of its original vice. If there could be any doubt as to the usurious character of the original loan, that doubt has been settled against the defendant by the finding of the referee, which, as it is supported at least by some evidence (I think by conclusive evidence), cannot now be reviewed.

In any aspect of the case I do not conceive that the provisions of the charter of the defendant in respect to commissions, can have any bearing upon the question. Its language would not be construed to repeal the usury laws in the defendant's favor, even if the language employed seemed capable of that construction. Corporate powers are conferred in subordination to the general laws of the land, and are so to be construed. (*People* v. *Utica Ins. Co.*, 15 J. R., 358.) Its power to charge commissions will not be deemed greater than would belong to an individual doing the same business, as he might, without special authority.

In *Merchants' Ex. Nat. Bank* v. *Commercial Warehouse Co.* (49 N. Y., 635) it was held that the question whether commissions charged, professedly under the charter, were usurious or not, was a question of fact. Under that view the referee has found against the defendant in respect to the several renewals of the original loan; and in so finding he is supported by all the proof. Indeed, were the question not one of usury, in respect to which, in order to avoid the severe consequences which by law follow, courts are often thought to be willing not to see, the case would scarcely require to be stated, so clear is the fact against the defendant.

In respect to the damages there is no legal ground of complaint. The rule of giving the highest value which has been lately disapproved and overthrown (*Baker* v. *Drake*, 53 N. Y., 211) was not applied. The referee, upon evidence

as to the value at the time when the bonds in question were finally disposed of by the defendant, gave that amount, with interest.

We are of opinion, upon the whole case, that there was no error in law in the referee's report, and that the judgment upon it ought not to have been reversed.

The order of General Term granting a new trial should be reversed, and judgment on report of referee affirmed, with costs.

All concur.

Order reversed, and judgment accordingly.