THE LONG ISLAND BANK, Respondent, *v.* GEORGE A. BOYNTON, Appellant.

Where usury is pleaded as a defense the usurious agreement must be proved as laid; whoever desires the aid of the statutes against usury through the interference of the court, must make out his title to relief by allegations as well as proof.

*Tyng* v. *C. W. Co.* (58 N. Y. 308), distinguished.

(Argued March 25, 1887; decided April 19, 1887.)

THE following is the *mem.* of opinion in this action :
" The action was by the plaintiff, as indorsee for value, against Boynton as maker and first indorser of a promissory note, payable to his own order, and one Tuttle, as second indorser. The complaint alleged the indorsement and delivery of the note by Boynton to Tuttle, and its indorsement and delivery

by Tuttle to the plaintiff. The defendant Boynton, by his answer, put in issue these facts. The burden of proving them was, of course, on the plaintiff, and the trial court did not err in refusing to give the defendant the affirmative.

"He also set up that the note in suit had its inception in a corrupt and usurious contract with one F. for a loan of money for which F. was to receive eight per cent per annum, besides a commission of one-fourth per cent on the face of the note. The evidence gave no color for the defendant's contention on this point, and the proof offered by him was of a contract totally different from that stated in the answer. Such was even the defendant's position on the trial, but to show that the plaintiff was not surprised at the variance, he offered in evidence papers on which he had, on some former occasion, unsuccessfully moved at Special Term for leave to serve a new answer, conforming to the proof now offered, but in no respect like the present pleading.

"The usurious contract must be proved as laid, and it was not error to hold that an admission that it has not been and could not be so proved, has no tendency to defeat a cause of action which came to the plaintiff for full value and without notice of any defect.

"The appellant cites *Tyng* v. *Commercial Warehouse Company* (58 N. Y. 308), as against the ruling of the trial court, but in that case no question was made upon the trial as to the sufficiency of the pleadings, or the relevancy of the proofs, and it was held that it was within neither the authority nor the duty of an appellate court to deprive the successful party of his recovery on the grounds of incompleteness or imperfection of his pleadings. In the case before us not only was the objection taken on the trial, but the trial judge, to overcome it, was required to disregard the decision of the Special and General Terms, and grant indirectly a favor which those courts had, upon formal application, denied. The statute against usury is like other statutes to be obeyed, but whoever desires its aid through the interference of a court, must make out his title to relief by allegations as well as proof. This the defendant failed to do. The judgment should be affirmed."

*Thomas Darlington* for appellant.

*H. D. Van Orden* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.