## TALLMAN *v.* EARLE.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. RELEASE—CONSIDERATION.

    A release of a tenant from the terms of a lease on his surrender of the property and agreement to pay the costs of reletting is based on a sufficient consideration.

2. ACTION FOR RENT—SURRENDER OF TERM—EVIDENCE.

    Plaintiff released defendant by parol from a lease under seal, and resumed possession of the premises, the defendant indemnifying him against charges for reletting, and delivering up the keys. *Held,* that evidence of these facts should have been admitted in an action for the rent after surrender of the premises to show a parol release, and as the jury might have found therefrom a surrender of the premises by operation of law, exonerating the defendant from further liability under the contract.

3. REVIEW ON APPEAL—OBJECTIONS NOT RAISED BELOW.

    An objection of variance, not made at the trial, is not available on appeal.

Appeal from trial term.

Action by Jacob B. Tallman against Ferdinand P. Earle to recover for seven months' rent of apartments let to the defendant on the first floor of the premises 37 West Fifty-Third street. The answer averred that the building was insecurely erected and untenantable, specifying the particulars, and that in September, 1879, the defendant having paid his rent to the 1st day of October, 1879, a new agreement was entered into between the plaintiff and defendant, whereby it was agreed that if the defendant would surrender the premises, and should agree to pay to one V. K. Stevenson the commissions which he should charge upon the reletting thereof, he would receive the same in full satisfaction and discharge of the alleged letting set forth in the complaint. The answer further avers the surrender of the premises and the agreement by the defendant, and that he has indemnified and kept harmless the plaintiff, and has performed all the conditions and agreements by him to be performed. The lease under which the defendant held was for one year, and was under seal. The court refused to admit evidence offered by the defendant of a parol release of the demise, to which ruling the defendant excepted. There was a verdict and judgment for the plaintiff, and the defendant appeals from an order denying a motion for a new trial.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*Thomas Darlington,* for appellant. *James M. Smith,* for respondent.

PRYOR, J. Admitting the averments of the complaint, for affirmative defense the answer alleges "that some time in the month of September, 1879, the defendant having paid his rent to the 1st day of October, 1879, the defendant represented to the plaintiff the changed condition of said premises, and the injury to the health of defendant's family occasioned thereby, and it was thereupon agreed by and between the said plaintiff and the said defendant that if the said defendant should on or prior to the 1st day of October, 1879, surrender to the plaintiff possession of said premises, and should indemnify and hold harmless from any commissions for reletting for the remainder of said term which might be demanded by one V. K. Stevenson, he

would receive the same in full satisfaction and discharge of the alleged letting set forth in the complaint. That thereupon this defendant, on or before the 1st day of October, 1879, surrendered to the plaintiff the possession of said apartments, and delivered to him the key thereof, and has indemnified and kept harmless the said plaintiff of and from any commission for reletting the said premises by V. K. Stevenson, and has duly performed on his part all the conditions and agreements on his part to be done and performed, and the said plaintiff accepted the same, and ever since then the said premises have been in the possession and under the control of said plaintiff." To the evidence tendered by the defendant in support of this plea the plaintiff objected on the sole ground that "the lease, being under seal, cannot be varied by a parol agreement." The objection was sustained, and the evidence excluded, to which ruling by the court the defendant duly excepted. Thereupon, on motion of the plaintiff, the court directed a verdict in his favor, and to this ruling again the defendant duly excepted.

On the argument before us the respondent assumed to sustain the rejection of the offered evidence upon the ground of variance between the pleading and proof; but we are clear that the evidence tendered was relevant to the alleged defense. *Bedford* v. *Terhune,* 30 N. Y. 460, 461. If, however, this were not so, the objection of variance, not having been raised at the trial, is not available on appeal. *Uertz* v. *Manufacturing Co.*, 35 Hun, 116; *Mayhew* v. *Howard*, 2 N. Y. St. Rep. 155; *Tyng* v. *Warehouse Co.*, 58 N. Y. 313; *Marston* v. *Gould*, 69 N. Y. 220; *Tooley* v. *Bacon*, 70 N. Y. 34, 37. The question, then, is, did the matter of which the appellant tendered proof constitute a defense to the action? The respondent challenges the validity of the agreement proposed to be proved for lack of consideration; but a sufficient consideration is supplied by the reciprocal engagements of the parties to the contract. "An executory contract may be discharged by the simple agreement of the parties that it shall no longer bind either of them. The consideration for the promise of each party is the renunciation by the other of his rights under the contract. Each abandons his rights in consideration that the other will do the like." 3 Amer. & Eng. Enc. Law, 889. But here a substantive and independent consideration for plaintiff's promise is furnished by defendant's engagement to pay the broker's commission for reletting the premises. We are brought, then, to the real and the decisive question in controversy, namely, can a contract under seal be discharged before breach by an executed parol agreement? We say "executed" because the answer asserts that the defendant fully performed all the obligations imposed upon him as the condition of his release by the plaintiff. We concede at once that the rule for which the respondent contends was a settled principle of the common law, (*Blake's Case*, 6 Coke, 43*b*; *Berwick* v. *Oswald*, 1 El. & Bl. 295;) but in this state the peculiar common-law properties of a specialty have been modified by legislation as respects, for instance, the conclusive effect of a seal, and by adjudication, we maintain, as respects the mode in which the obligation of a sealed instrument may be discharged. At common law a specialty could be dissolved only by an instrument under seal, by the judgment of a court, or by statute; but in this state at least the weight of authority is that it may be discharged, even before breach, by an executed parol agreement between the parties. In *Fleming* v. *Gilbert*, 3 Johns. 528, the action was on a bond conditioned that the defendant should produce and deliver up a mortgage at a specified time, and should procure it to be discharged on the records of the county; and it was held that a parol waiver of performance was a valid defense. *Langworthy* v. *Smith*, 2 Wend. 587; *Esmond* v. *Van Benschoten*, 12 Barb. 366; *Mayor, etc.*, v. *Butler*, 1 Barb. 327. In *Pierrepont* v. *Barnard*, 5 Barb. 364, 6 N. Y. 279, the attempt was to recover damages for breach of a covenant not to fell timber without written consent; but it was held that oral consent was an answer to the action. In *Pike* v. *Butler*, 4 Barb. 654, "the controversy arose out of

mutual covenants by the tenant to build in the way prescribed, and by the landlord to pay for the house at the end of the term." The building was not in accordance with the lease; but, held, that the tenant was dispensed from the obligation of the covenant by the oral acceptance of the landlord. In *U. S.* v. *Howell*, 4 Wash. C. C. 620, it was ruled by WASHINGTON, J., that an oral dispensation from payment of a bond at the day was an answer to an action before expiration of the deferred credit. In *Dearborn* v. *Cross*, 7 Cow. 48, the precise point adjudicated was that a "bond or other specialty may be discharged or released by an executed oral agreement between the parties." In *Allen* v. *Jaquish*, 21 Wend. 628, it was expressly ruled that "a contract not under seal, rescinding a specialty, if fully executed and carried into effect, is valid." In *Bishop* v. *Jackson*, 6 Rob. (N. Y.) 287, the point adjudged was, that the mode of performance stipulated in a specialty might be superseded by an oral agreement to vary performance. In *Townsend* v. *Stone-Dressing Co.*, 6 Duer, 208, it was held that "an executed parol agreement upon a sufficient consideration may operate to discharge the stipulations of a sealed contract." In *Canal Co.* v. *Ray*, 101 U. S. 522, the federal supreme court explicitly decided that "the terms of a contract under seal may be varied by a subsequent parol agreement." *Le Fevre* v. *Le Fevre*, 4 Serg. & R. 241. In *Jenks* v. *Robertson*, 58 N. Y. 621, the court, without considering the common-law rule that a specialty before breach cannot be discharged by a parol executory agreement, "held it sufficient that the circumstances showed an executed rescission of the contract, upon which ground some of the cases go to escape a harsh and inequitable application of the doctrine of the common law." In *Holdsworth* v. *Tucker*, 9 N. E. Rep. 764, the supreme judicial court of Massachusetts held that "in an action upon a contract under seal, executory on both sides, the defendant may show in defense that before any part of the contract had been executed, and before a breach, the parties agreed by parol to vary its terms, and that he offered to perform as thus varied." But the very point in judgment has been adjudicated by the supreme court and the court of appeals of this state. In *Horgan* v. *Krumwiede*, 25 Hun, 116, the general term of the first department held that, while a sealed lease cannot be modified, nor the rent reserved by its terms reduced, by a mere oral executory agreement, yet such an agreement, "founded upon new consideration, and afterwards performed by the parties, is sufficient to modify or change the terms of an instrument of this nature." In *Smith* v. *Devlin*, 23 N. Y. 363, the case was this: Action to recover one quarter's rent upon a lease under seal for three years. Defense, that the premises were surrendered by a parol agreement to pay $100, and to deliver up the keys; that the plaintiff did actually accept the surrender upon the agreement to discharge the lease for $100, which was tendered. Held, affirming the judgment of the general term, which reversed the judgment at special term, that the defense was a complete bar to the action.

Doubtless there are *dicta* contrary to the proposition affirmed in the foregoing citations, but we are apprised of no authoritative adjudication in this state which decides that an executed oral agreement is inoperative to discharge a sealed instrument. *Roe* v. *Conway*, 74 N. Y. 201, only questions, but does not negative, the proposition. Indeed, by the statement of the case (page 202) it appears that this court has ruled that a sealed lease for a term of 10 years might be canceled and surrendered by a simple contract. Such is the weight of authority upon the question in debate; but in reason the balance of probabilities still more heavily preponderates in favor of the appellant's contention. By express provision of law certain contracts are required to be evidenced by writing; and yet, while an agreement under the statute of frauds may not be modified, it may be rescinded and abrogated, by parol. *Goss* v. *Nugent*, 5 Barn. & Adol. 66; *Proctor* v. *Thompson*, 13 Abb. N. C. 340. Why not a contract under seal? Considerations of policy, *e. g.*, the prevention of frauds and perjuries, suggest why the term of a contract should be embodied in

a certain and immutable memorial; but a writing without a seal is as infallible an indication of the intent and engagements of the parties as a writing with a seal. For protecting the contract against mistake or misrepresentation nothing is gained by affixing a wafer to the paper which contains its stipulations. Since, then, a contract, which the statute imperatively prescribes shall be in writing, may be abrogated by on oral agreement, why not a contract which no law requires shall be either in writing or under seal? The rule that a specialty cannot be discharged by parol is a relic of a barbarous age; is a purely arbitrary and conventional regulation; stands upon no substantial reason or argument of policy; and is opposed, as we see, to the strong current of American authority. We have no hesitation in deciding that the doctrine is not a principle of the jurisprudence of this state. Since, then, the facts tendered by the answer and offered in evidence presented a perfect defense to the action, it was error to exclude proof of them; and for such error the judgment should be reversed.

Assuming for argument, however, that the agreement in question was invalid and ineffectual to annul the lease, still, upon the facts pleaded and offered in evidence, the jury might have found another defense to the action, namely, a surrender by act or operation of law. In *Vandekar* v. *Reeves*, 40 Hun, 430, it was held that, although the agreement for a change of tenants was void, yet, in connection with the conduct of the parties, it operated to discharge the defendant from a claim for future rent, "as it constituted, in effect, a surrender of the remaining term by act or operation of law." When a landlord takes the key to the premises, and deals with them as his own, the jury may find that he intended to resume possession, and to discharge the tenant from his obligation as lessee. *Hegeman* v. *McArthur*, 1 E. D. Smith, 147; *Harris* v. *Hiscock*, 91 N. Y. 340; *Bedford* v. *Terhune*, 30 N. Y. 453; *Beall* v. *White*, 94 U. S. 382; *Smith* v. *Niver*, 2 Barb. 180. Had the learned trial judge admitted evidence of the defense pleaded, and submitted the case to the jury, we cannot say that they would not have found, under proper instructions, that the appellant was exonerated from liability by a surrender by operation of law. Judgment reversed, and new trial; costs to abide event.

All concur.