John Lowry, Respondent, *v.* Collateral Loan Association, Appellant.

*Loan association — organized under chapter 326 of 1895 — it cannot loan at interest in excess of six per cent to a resident of Westchester county on chattels therein.*

Chapter 326 of the Laws of 1895, authorizing the formation of corporations with power to loan money to indigent persons at a rate of interest greater than six per cent per annum, which by chapter 206 of the Laws of 1896 was made inapplicable to the counties of Monroe and Westchester, only authorizes a corporation formed thereunder to make loans to persons within the county in which the corporation is situated; it does not authorize the corporation to loan money to a person residing in the county of Westchester upon the security of a mortgage upon chattels situated in that county.

Appeal by the defendant, the Collateral Loan Association, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, bearing date the 14th day of January, 1901, and entered in the office of the clerk of the county of New York, upon the decision of the court rendered after a trial at the New York Special Term, overruling the defendant's demurrer to the complaint.

*James C. De La Mare*, for the appellant.

*Henry G. K. Heath*, for the respondent.

Present — Patterson, O'Brien, Ingraham, Hatch and Laughlin, JJ.

Judgment affirmed, with costs, on opinion of court below, with leave to defendant to withdraw demurrer and answer in twenty days on payment of costs in this court and in the court below.

The following is the opinion of Lawrence, J., delivered at Special Term:

Lawrence, J. :

This action is brought by the plaintiff to have declared null and void two certain chattel mortgages for $75 each, made by the plaintiff to the defendant on or about November 1, 1897, to secure the sum of $150, it being averred in the complaint that the said loan, which was secured by the plaintiff's notes and chattel mortgages, was usurious and void, and the relief demanded being that the said notes and chattel mortgages given to secure the said loan be delivered up to the plaintiff without payment, and that the defendant, pending the termination of this suit, be enjoined from taking any proceedings to collect or enforce said lien, or to realize upon the chattels covered by said mortgages.   The defendant is a corporation organized under the Laws of 1895 (Chap. 326), entitled " An Act to provide for the incorporation of associations for lending money on personal property, and to forbid certain loans of money, property or credit," which authorizes the formation of companies in any county of this State with power to loan money to indigent persons at a rate of interest greater than six per cent per annum.   Under that act such corporations were authorized to be formed in any county of this State having a population of more than 300,000 and less than 600,000 inhabitants, according to the latest enumeration taken by the State. By chapter 706 of the Laws of 1895 the act was amended so as to permit the formation of such corporations in any county of this State having a population of more than 300,000 inhabitants, and by chapter 206 of the Laws of 1896 the act of 1895 was further amended so as to permit the formation of such corporations in any county in this State containing a city of more than 25,000 inhabitants, according to the last enumeration taken by the State.   But by said last amendatory act it was provided that the act should not apply to the

counties of Monroe and Westchester. I am of the opinion that the demurrer, which has been interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, should be overruled. *First.* By the 3d section of the act of 1895 (Laws of 1895, chap. 326) it is provided that the corporation by said act authorized, shall be entitled to act as pawnbroker within such county, and shall be subject to and entitled to all the benefits and provisions of the laws of the State and of all ordinances of the city in which it is located concerning pawnbrokers. And it may lend money to such persons within such county as shall be deemed by it in need of pecuniary assistance, and may take as security for the payment of any such loan either a pledge or a mortgage of any personal property without the actual delivery to it of the property pledged or mortgaged, together with other lawful securities. It shall be entitled to charge and receive upon each loan made by it without the actual delivery to it of the property pledged or mortgaged, which charge shall include all services of any character in connection with said loan, except upon the foreclosure of the security, interest or discount, at a rate not exceeding three per centum per month for a period of two months or less, and not exceeding two per centum per month for any period after said two months, and also a sum not exceeding $3 for the first examination of the property to be pledged or mortgaged and for drawing and filing the necessary papers ; but no such loan greater than $200 shall be made, nor shall any one person owe such corporation more than $200 for principal at any one time. I think that the fair construction of the act is that the loans made by the corporation are to be made to the persons within the county in which the corporation is situated, who shall be deemed by it in need of pecuniary assistance; not to persons without the county who have come into the county where the company is located to obtain the loan. *Second.* By the amendatory act of 1896 (Laws of 1896, chap. 206), as already stated, the act is made applicable to any county of the State containing a city of more than 25,000 inhabitants, according to the last enumeration taken by the State, but it was provided that the act should not apply to the counties of Monroe and Westchester. It is alleged in the complaint that as collateral security for the loan the plaintiff made and executed and

delivered to the defendant a certain chattel mortgage on premises No. 266 South First avenue, Mount Vernon, in the county of Westchester, the place and premises where the plaintiff at that time lived and still lives. It is further alleged in the 3d paragraph of the complaint that the defendant association has knowingly dealt with the plaintiff as a resident of the county of Westchester, and taken as security for such loans chattels situated within such county within which the association had no power to do business under the act and amendatory acts under which the defendant was incorporated. On the face of the complaint enough, therefore, is stated to show that the plaintiff is not a person within the county, but a resident of Westchester, and as the property mortgaged was situated within that county, facts are also stated which show that the defendant association did business in the county of Westchester, which it was prohibited from doing under the provision of the amendatory act of 1896. *Third.* It is apparent from the complaint that the defendant association has exacted a greater sum for the loan of money than the general statute in relation to usury permits. This the defendant can only justify by bringing itself strictly within the provisions of the acts of 1895 and 1896, which are in derogation of that statute. (*Tyng* v. *Commercial Warehouse Co.*, 58 N. Y. 308; *Chapman* v. *Lynch*, 156 id. 551, 559.) On the facts stated in the complaint and admitted by the demurrer, the defendant does not bring itself within the provisions of the act of 1895, as amended in 1896, and it, therefore, follows that the demurrer to the complaint must be overruled, with costs, with leave to the defendant to answer over on payment of costs. Draw decision and judgment accordingly, and settle on notice.