PATRICK A. HENNESSY and Another, Plaintiffs, *v.* VILLAGE OF PLEASANTVILLE, Defendant.

Supreme Court, Westchester County, October 20, 1925.

**Municipal corporations — contracts — plaintiffs awarded construction contract requiring payment under estimate certificates — defendant village not justified in withholding amount of final estimate and five per cent of total cost retained to secure performance of contract where proof shows absence of fraud and work passed inspection — defendant waived right to retain five per cent held for faithful performance.**

Defendant, a village which had awarded the plaintiffs a construction contract at a cost of $98,463.40, upon which plaintiffs had been paid in the aggregate an amount required by estimates 1 to 7, the sum of $74,608.75, is not justified in withholding from plaintiffs the sum of $23,854.65, in which was included five per cent of the total cost, which, under the contract, defendant village was entitled to retain in order to secure the performance of the contract, since the certificate accompanying the eighth and final estimate recited that the work had been done according to specifications, and there is no evidence showing bad faith, fraud or misconduct on the part of the engineer who made the final certificate, or proof of a palpable or other mistake appearing on the face of the final estimate.

The contention of the defendant that the final certificate or estimate should not have been given until there was a test of the work under working conditions, cannot be sustained, since the contract contained no provision requiring such a test.

Moreover, the defendant has waived its right to retain the five per cent referred to, since it assumed possession of the work, while the eighth and final estimate remained unpaid, and instead of requiring the plaintiffs to do anything in the way of a test of the work done, assumed to do a large amount of work on the plant under its own direction, with a view of putting it in good condition and remedying the defects.

ACTION by contractors against village to recover on construction contract.

*George A. Baker*, for the plaintiffs.

*Clifford Couch*, for the defendant.

GEORGE H. TAYLOR, J.   On the face of the situation presented, the defendant is in default in failing to pay the plaintiffs, contractors, amounts apparently due to the latter under the certificate of the engineer known as No. 8 and the final certificate.   The so-called estimate of December, 1924 (No. 8), made by that arbiter entitled the plaintiffs to $14,142.72 as of its date.   It has never been paid. In another action tried before a jury, my colleague, Mr. Justice TOMP-KINS, directed a verdict for the plaintiffs against the defendant for the amount of that estimate and interest.   The estimate contained an unintentional error, which it is agreed the final estimate here involved has corrected, as provided in article XXII of the contract. The final certificate is not dated, but was manifestly issued after the December estimate.   The certificate accompanying the final estimate is to the effect that the plaintiffs' work has been completed in accordance with the plans and specifications and has passed inspection.

The estimate, on the same sheet as the certificate, showed, *inter alia*, that the total actual cost of the work was $98,463.40, upon which the plaintiffs had been paid in the aggregate amount called for by estimates 1 to 7, $74,608.75, leaving unpaid to the plaintiffs $23,854.65, in which was included five per cent of the total cost, which under the contract (article XXII) the defendant was entitled to retain in order to secure the performance of the contract, which was to the effect that the contractor, at his own cost, promptly, upon notification from the engineer so to do, was to make good any and all defects, etc., in his work, as such defects, etc., might appear during the work, or within twelve months after the issuance of the final certificate, which five per cent was $4,923.17; so that (exclusive of the five per cent referred to) there was unpaid to the plaintiffs, according to the final certificate, $18,142.72, which includes, of course, the amount of the estimate and certificate No. 8, disposed of by the verdict as above, presumably in judgment now, viz., $14,142.72, which leaves unpaid to the plaintiffs, exclusive of the said five per cent above mentioned and the amount of such estimate No. 8, $4,788.76.

The plaintiffs claim, under the undisputed facts, that they are now entitled, not only to judgment for the said sum of $4,788.76, as shown by the certificate, but also for the amount of the said five per cent retained, viz., $4,923.17.   They assert that claim by reason

of the undisputed conduct of the defendant, which they say creates a situation by reason of which the plaintiffs have a right to invoke the aid of equity to cancel that provision of article XXII which states, in effect, that the contract shall not be deemed void because of the defendant's failure to pay within the time prescribed by the contract after the issuance of a given certificate by the engineer. The clause referred to, cancellation of which is requested, reads as follows: " If the village shall at any time fail to make the contractor a monthly payment at the time hereinafter [hereinbefore] specified, such failure shall not be held to vitiate or void this contract, but in such case the contractor shall be entitled to interest at the rate of 6 per centum on the amount unpaid until payment shall have been made, and the contractor shall be entitled to stop all work until so paid, and in that case the date or dates for the completion of the work shall be deferred by a period equal to the period of such stoppage."

The clause continues that nothing in it shall in any wise alter the provisions of article XV of the contract, which relates to the time within which the work shall be done, unless extended as provided by the contract, and further, in effect, that the contractor expressly covenants that he has taken into consideration and made due allowance for all ordinary delays incident to the work, and provides that he shall only have an extension of time in cases where the engineer permits it upon his application. I have indicated with substantial correctness the contents of article XV.

Of course if we take the portion of article XXII above quoted in a literal sense, the village might withhold a payment indefinitely, although it had been certified to be due, and the contractors' only apparent relief would be to stop work indefinitely. The law countenances no such absurdity. The village, undoubtedly, is obligated to pay the contractor the amount of a given estimate, due as certified, within a reasonable time. It cannot withhold the payment and interest forever. This truism must have been the basis of Mr. Justice TOMPKINS' direction of a verdict in the other case referred to. I deem it very doubtful, however, whether the plaintiffs may resort to equity for relief. Whether they may or not has become immaterial, for the defendant's learned counsel at the trial expressly stated that he would make no motion to dismiss the complaint on the ground of an existing adequate remedy at law available to the plaintiffs. He stated: " I am satisfied to stay in equity." Therefore, I proceed to determine the case as an action at law tried without a jury.

In the absence of proof of corruption, bad faith, fraud or misconduct on the part of the engineer making the final certificate, or

a palpable mistake appearing on the face of the estimate accompanying the same, neither party may be allowed to prove that the engineer decided wrongly as to the law or facts. If, however, bad faith and fraud or other misconduct on his part were shown, the estimate and the certificate would not be conclusive. An award may be attacked for fraud on the part of the arbiter. (See *Sweet* v. *Morrison*, 116 N. Y. 19; and examine *Horan* v. *Mason, Nos. 1, 2, 3*, 141 App. Div. 89, 94; *O'Brien* v. *Mayor, etc., of City of New York*, INGRAHAM, J., 15 N. Y. Supp. 520, 524, and cases there cited.) Mr. Justice INGRAHAM said, in the case just referred to, that " When a certificate is given it is conclusive upon the parties, and, in the absence of proof of corruption, bad faith, or misconduct on the part of the person designated, or palpable mistake appearing on the face of the certificate, neither party can be allowed to prove that such designated person decided wrongly as to the law or facts."

The defendant's position here is that the final certificate was mistakenly given. The defendant still employs the same engineer, and called him as a witness on the trial. The record is absolutely barren of any proof of corruption, bad faith, fraud or misconduct on the part of the engineer, and there is no palpable or other mistake appearing on the face of the final certificate.

The defendant contends that the final certificate should not have been given until there was a test of the work under working conditions. But the contract does not so provide; on the other hand, it does provide for the retention of the five per cent referred to, and for security in the form of a bond for $50,000 with a satisfactory surety company, conditioned for the faithful performance of the work, said bond to remain in force for one year after the final completion and acceptance of the work, so that, even without a test under working conditions, before final certificate, the defendant is presumptively secured as to the ultimate proper performance by the plaintiffs, by the amount to be retained plus the bond given as security. I determine that the final certificate of the engineer is conclusive. Under it, on its face, there is due $4,788.76.

The plaintiffs claim that by reason of what has happened, and what appears in the evidence without dispute, the defendant has, in effect, waived its right to retain the five per cent, or $4,923.17. After thorough deliberation, somewhat protracted, I have determined that the plaintiffs are right in their said contention. Under the contract (article XXII) the plaintiffs were permitted to stop work while the defendant was in default for payment. While the eighth estimate remained unpaid, plaintiffs were not required to do anything in the way of making a test, or in fact any work on the job. The same reasoning applies to the final estimate. The default

Supreme Court, April, 1924.    [Vol. 127

of the defendant being extant, the defendant took possession of the work itself, and assumed to do a large amount of work upon the plant, with a view of putting it in good condition and remedying the defects.    It did this, claiming that it was doing it for the account of the plaintiffs, who could not be called upon to do it at all while moneys due under the contract remained unpaid to the plaintiffs.

By its conceded acts the defendant has prevented the plaintiffs from doing hereafter, if the defendant pays the amounts certified to be due, those things which the plaintiffs might have done after the payments of the eighth and final certificate, in the way of remedying any defects which were in the plant, or which might develop within the one year mentioned in the contract.    Under the undisputed facts the defendant has effectually waived the right to retain the said five per cent, or $4,923.17, because its said conduct has effectually prevented the possibility of the plaintiffs hereafter performing any work remedial of defects in the plant as constructed by the plaintiffs; hence the defendant may not retain further the said five per cent.    (*Phillips & C. Construction Co.* v. *Seymour*, 91 U. S. 646, 650, 654; *Jenks* v. *Robertson*, 58 N. Y. 621.)

Judgment for the plaintiffs in the aggregate sum of $9,711.93 (being $4,788.76 and $4,923.17, in all amounting to $9,711.93), together with interest from the date of delivery of the final certificate, and dismissing the counterclaim of the defendant upon the merits; taxable costs of the action to the plaintiffs.    Thirty days' stay to the defendant, and sixty days to make a case.    Settle decision and judgment on notice.    Defendant's counsel will kindly present requests to find, upon which I will pass.    All papers will be retained pending the settlement of the decision and judgment.