(13 Misc. Rep. 122.)

### ROMAINE v. BEACON LITHOGRAPHIC CO.

(Common Pleas of New York City and County, General Term.   June 3, 1895.)

CONTRACTS—WAIVER OF CONSIDERATION.

Plaintiff entered into a contract to perform certain services for defendant in consideration of $40 per week, and a share of the profits. Several months later, defendant wrote plaintiff that it would have to reduce his weekly payments, to which plaintiff replied, "You can send me any amount that you can, on account of contract, over $34 per week, that you feel disposed to make." and afterwards defendant paid plaintiff $34 per week. *Held*, that plaintiff could not recover the balance, of $6 per week, on the theory that the agreement to accept the lesser sum was void for want of consideration, as plaintiff had a right to waive the consideration, and carry out the modified contract.

Appeal from Second district court.

Action by Worthington D. Romaine against the Beacon Lithographic Company for breach of a contract.   Judgment was entered in favor of plaintiff, and defendant appeals.   Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Campbell, Ford & Hance (Henry K. Davis, of counsel), for appellant.

Alfred C. Coursen, for respondent.

BOOKSTAVER, J.   The parties entered into an agreement, the material parts of which are as follows:

"That for and in consideration of the sum of $40 to be paid weekly by said Beacon Lithographic Company unto said W. D. Romaine, said payment being made as part payment, and on account of commission figured on within contract, W. D. Romaine agrees to act as New York City agent for said Beacon Lithographic Company, etc.; * * * also, that the profit on all business procured shall be equally divided, and the amount over and above the weekly payment of $40 to said W. D. Romaine shall be paid on the 1st day of March and the 1st day of September of each year."

The proportion of profits to be paid Romaine for the different classes of work was fixed by the agreement, and provision was made for traveling, office, and other expenses.   This agreement was made July 10, 1893, to bear date September 22, 1893, and to run for one year from that date, and from year to year thereafter, terminable by either party at the end of any year on one month's notice.   The plaintiff received $40 per week from defendant down to April 20, 1894.   It appears that the business brought by plaintiff did not come up to the defendant's expectations, and about March 5th defendant wrote him that it would have to reduce his weekly payments.   On April 16th he wrote defendant: "I want to see Beacon succeed if possible; and I will say this, that you can send me any amount that you can on account of contract over $34 per week that you feel disposed to make."   And thereafter, from April 20, 1894, to September 21st, when the contract was terminated, defendant paid him $34 per week, for which he gave his receipt. He now sues for the balance, $6 per week for 22 weeks, and for the sum of $11.91, payable under the contract for expenses.   We can conceive of no rule of law by which plaintiff can uphold this con-

tention. It is claimed that the agreement to accept the lesser sum was void for want of consideration. While we do not think this is so, he being directly interested in the success of the defendant, and desirous of continuing in its employ from year to year, still that does not affect the question. While the agreement remained executory, assuming the interpretation of the original agreement contended for by plaintiff to be correct, he had a right to demand the full amount of the weekly payments. He, however, had a right to waive consideration, and carry out the modified agreement; and if he did this, executing it, he cannot revoke it, and sue for the larger sum. This is true even of a parol modification of a sealed contract. McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458; McCreery v. Day, 119 N. Y. 1, 23 N. E. 198; Tallman v. Earle (Com. Pl. N. Y.) 13 N. Y. Supp. 805. The justice erred in excluding evidence of the modification of the agreement. He admitted plaintiff's letter to defendant, assenting to the reduction of the weekly payments, but excluded all testimony relative to the transaction. We think this evidence was admissible under a general denial. Marsh v. Dodge, 66 N. Y. 533.

The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.