HELEN E. SNOW

*v.*

MORRIS GRIESHEIMER.

*Opinion filed February 21, 1906.*

1. EVIDENCE—*when parol evidence showing change in a sealed contract is admissible.* Where a sealed contract, such as a lease, has been fully executed as modified by a parol agreement, evidence of the parol agreement is admissible.

2. ACCORD AND SATISFACTION—*when acceptance of checks for rent is binding.* Acceptance by the lessor of checks marked as in full for monthly rental, although such acceptance is accompanied by a protest that the checks are not for the full amount due and that they are received on account only, there being a *bona fide* dispute between the lessee and the lessor on that point, is binding on the lessor and precludes a recovery of the amount in dispute after the expiration of the lease.

3. SAME—*general rule as to acceptance of check in full payment.* Acceptance of a check, tendered upon an expressed condition that it shall be in full payment of a disputed claim, is an acceptance of the condition as well as the money, and satisfies the

claim, notwithstanding a protest by the creditor that the amount is not in full.

4. CONTRACTS—*the rule forbidding evidence of parol agreement modifying executory contract under seal will not be extended.* The rule forbidding evidence of a parol agreement modifying the terms of an executory contract under seal is one which defeats the intention of the parties, and should be enforced only in cases to which it properly applies.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

BURLEY & McSURELY, for plaintiff in error.

NEWMAN, NORTHRUP, LEVINSON & BECKER, and C. E. CLEVELAND, for defendant in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On June 8, 1898, a judgment by confession under a power of attorney contained in a lease which had expired April 30, 1898, was entered in the superior court of Cook county in favor of Helen E. Snow, plaintiff in error, the lessor, against Morris Griesheimer, defendant in error, the lessee, for $1725.09 and costs. On November 1, 1898, the judgment was opened on motion of the defendant and he was given leave to plead. He filed a plea of the general issue and two special pleas, setting up an agreement between himself and the plaintiff for the reduction of the rent from $500 per month to $416.67 in consideration that he would make certain repairs and alterations upon the premises, and alleging that he made the repairs and alterations, and that the plaintiff received said sum of $416.67 per month in full satisfaction and discharge of the rent. Issues were formed on the pleas, and there was a trial resulting in a verdict for the defendant. The plaintiff appealed to the Appellate Court for

the First District, and the judgment was affirmed by the branch court for that district. The writ of error in this case was sued out to review the judgment of the Appellate Court.

The lease was under seal, leasing a store building in Chicago for a term of three years ending April 30, 1898, at a rental of $18,000, payable in monthly installments of $500, in advance, on the first day of each month. The lessee was to keep the premises in good repair, and was to be allowed $500 toward the cost of a new store front and in lieu of repairs and alterations in the premises. The witnesses for both parties testified that in the spring of 1896 there was an agreement reducing the rent to $416.66 per month, but the testimony for the plaintiff was that the reduction was only for the summer months of 1896, after which the rent was to be the same as before, and that the reduction was made because the defendant complained that business was poor and he was losing money. The testimony for the defendant was that the reduction was for the remainder of the term, and was made in consideration that he would re-paper the store, paint the woodwork and put iron shutters on the rear, which he testified that he did. The judgment of the Appellate Court settled the controversy as to the making and terms of the contract in favor of the defendant. The rent was paid at the rate of $500 per month up to May 1, 1896, when the agreement for the reduction became operative, and after that time the defendant paid $416.66 monthly for the remainder of the term, by checks which on their face were in full for the rent and were offered as full payment. They were received and collected by the plaintiff, although she did not assent to the claim that they were in full of rent after the summer months of 1896, and only credited them on account after that time.

The agreement to reduce the rent was verbal, and it is contended that the court erred in admitting evidence that the agreement was entered into, for the reason that an executory contract under seal cannot be modified or changed

by an agreement not under seal. That is the settled law. (*Goldsborough* v. *Gable,* 140 Ill. 269; *Alschuler* v. *Schiff,* 164 id. 298.) So long as the contract contained in the lease under seal remained executory, the plaintiff had a right to repudiate the parol agreement and claim the full amount of rent contracted for. The rule of law, however, is one that defeats the intention of the parties, and while it should be enforced in every case to which it applies, it is not to be extended to other cases to which it does not properly apply. If the parties have executed the contract as modified, so that nothing remains to be done by either party, it is no longer executory and the contract as executed will not be disturbed. The lease expired April 30, 1898, before suit was brought, and the evidence tended to show that it had been fully performed by both sides. The fact that it had been so performed could be shown in defense of the suit. (*White* v. *Walker,* 31 Ill. 422; *Worrell* v. *Forsyth,* 141 id. 22; 9 Cyc. 597; *McKenzie* v. *Harrison,* 120 N. Y. 260.) It is true that the plaintiff's agents, after accepting the checks as payment in full during the summer months of 1896, refused to receive them in full payment thereafter, and from time to time protested, by letter and otherwise, that the checks were only received on account. The checks purported on their face to be in full payment, and there is no dispute that they were sent as payment in full; that plaintiff's agents so understood it, and that they were received and collected. The law is, that where the amount due a creditor is ascertained and not in dispute, the payment by the debtor and acceptance by the creditor of a less sum will not operate as a satisfaction of the demand, but if the amount due is unliquidated or there is a *bona fide* dispute as to how much is due, a payment of the amount claimed by the debtor to be due, in full settlement, if accepted by the creditor, is a satisfaction of the claim. It is not necessary that the debtor shall pay more in such a case than what he admits to be due, and if a check for such sum is offered in payment of a disputed account it must be accepted by the

creditor upon the terms upon which it is offered or must be rejected. If a check is offered under such circumstances as amount to a condition that it is to be received in full payment of the demand, an acceptance will satisfy the demand, although the creditor protests at the time that it is not all that is due him or that he does not accept it in full satisfaction of his claim. An acceptance in such a case is an acceptance of the condition notwithstanding any protest he may make to the contrary. (*Ostrander* v. *Scott,* 161 Ill. 339; *Lapp* v. *Smith,* 183 id. 179; *Canton Coal Co.* v. *Parlin & Orendorff Co.* 215 id. 244; 1 Cyc. 229; 1 Am. & Eng. Ency. of Law, —2d ed.—419.) We do not agree with counsel that the decision in the case of *Laroe* v. *Sugar Loaf Dairy Co.* 180 N. Y. 367, maintains a contrary rule. The court there held that the question whether the circumstances were such that the plaintiff knew, or should have known, that a check purporting to be in full payment was sent on the condition that its acceptance should operate as a discharge of the claim should have been submitted to the jury. While plaintiff would not have been bound by the verbal agreement modifying the terms of the lease, she could not revoke it after it was executed, and it was not error to admit the evidence.

The giving of the second instruction at the request of the defendant is assigned as error. But that instruction was in accordance with the principles we have stated. It was not disputed that the checks were offered as payment in full and that they were received and collected, and the instruction was to the effect that if the agreement was made and the defendant remained in possession and made the repairs and improvements, and continued each month to pay the reduced rent with checks marked as receipts in full, until the expiration of the lease, the verdict should be for the defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*