## Henry C. Fish v. F. M. Marzluff.

### Gen. No. 12,675.

1. CONTRACT—*what evidence tends to establish renewal of, from year to year.* Where an employe has worked under a contract which has been extended from year to year, payment made by way of salary, after the lapse of the extended period, is evidence which tends to establish the fact of renewal for a further year.

Action of assumpsit. Appeal from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1905. Reversed and remanded. Opinion filed October 9, 1906.

JOHN F. CLARE, for appellant.

No appearance for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the plaintiff from a judgment upon a directed verdict for the defendant in an action of assumpsit for the breach of an alleged contract of employment by the defendants Marzluff and Rau of the plaintiff as traveling salesman for the term of one year from September 1, 1901.

The only question presented is, whether there is in the record evidence from which a jury might properly find that there was such a contract of employment as the plaintiff alleged as the basis of his right of recovery. The defendants were partners, but only appellee Marzluff was served with process.

The defendants first employed the plaintiff for the term of one year from September 1, 1899, at a salary of $1,000 per year, expenses and certain commissions. This contract was by the agreement of the parties renewed or continued for the term of one year from September 1, 1900. In August, 1901, plaintiff re-

quested an increase of salary for the coming year and the defendants wrote him as follows:

"JANESVILLE, WIS., August 22, 1901.
H. C. FISH, Chicago.

DEAR SIR:—Mr. Marzluff instructs me to write you that he and Mr. Rau have come to the conclusion that they will not pay you any increase in salary until you earn it by selling more goods.

Yours respt.,
F. M. MARZLUFF & Co.,
Tracy.

Kindly return your trunk and samples at once.
F. M. M. & Co."

The plaintiff on the receipt of this letter returned his trunk and samples. Plaintiff testified that, "the first week in September I received a twenty dollar check or draft, as they were usually sent in September, for my first week's salary in September."

September 10th defendant wrote to plaintiff as follows:

"JANESVILLE, WIS., 9/10, 1901.
H. C. FISH, Chicago, Ill.

DEAR SIR:—We are informed by good authority that you have made application and tried hard to connect yourself with other houses while in the employ of F. M. Marzluff & Co., without informing us to that effect. We are much surprised to think you would do a thing of that character without notifying us.

I am sure we would not have done that to you. We have the names of the houses to whom you have made application and I am indeed very sorry to be compelled to notify you in the face of this that we have been obliged to secure a man to fill your position.

Respecty.,
F. M. MARZLUFF & Co.,
A."

The direction to find the issues for the defendant was given at the close of the evidence for the plaintiff.

There is no evidence tending to prove a specifia

agreement that the old contract should be renewed for another year from September 1, 1901. If, however, by the consent of the parties the plaintiff continued in the employ of the defendant after the expiration of the term, the law will imply a contract of employment for another year upon the terms of the old contract.

"It is the same in principle as a holding over by a tenant who is under a specified contract; if he holds over he will be considered as holding under the first contract if no change is shown." Grover & Baker S. M. Co. v. Bulkley, 48 Ill. 189-192; Moline Plow Co. v. Booth, 17 Ill. App. 574.

The decision turns upon the question whether the jury might, from the evidence, properly find that the plaintiff continued in the employment of defendant after September 1, 1901. It is not claimed that he rendered services after that time, but no inference for or against the plaintiff can be drawn from that fact or from the fact that upon the receipt of the letter of August 22nd he sent to the defendant his trunk and samples.

Plaintiff lived in Chicago, but did not sell goods in Illinois. He made two trips a year, one in the fall, the other in the spring. He returned from his spring trip in July, and if his employment was continued, he would have nothing to do until the defendants returned to him his trunk with new samples of goods to be sold on his fall trip. He had in other years gone out on his fall trip early in September.

The letter of August 22nd does not disclose any intention on the part of defendants not to continue the employment of plaintiff for another year, but only their refusal to pay him an increase of salary until he "earned it by selling more goods."

The testimony of the plaintiff that on September 5th defendants paid him twenty dollars for his salary for the first week of September, was not contradicted nor explained. Evidence of such payment and acceptance

was evidence tending to show that the plaintiff continued in the employment of the defendants after September 1st, and we think the court erred in directing a verdict for the defendant.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*