## James H. Gum v. Stephen A. Tibbs.

CONTRACT—*when terms of, may be varied by parol.* Where a contract under seal has been fully performed as modified by parol agreement, evidence of such parol agreement is competent.

Assumpsit. Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the November term, 1906. Affirmed. Opinion filed June 1, 1907.

E. L. CHAPIN, for appellant.

TIMOTHY McGRATH and EDMUND BURKE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

September 20, 1901, appellee, as party of the second part, entered into a written contract with appellant acting on behalf of itself and others, parties of the first part, to cut and saw certain timber into lumber. The contract, so far as its terms are here pertinent, provided that the party of the second part should go on the land belonging to the parties of the first part and cut timber of sufficient size and saw up the same into lumber for the term of three years, and have for his compensation two-thirds of such lumber, and that at the time of sawing said lumber, deliver to the parties of the first part one-third of said lumber in stacks on the ground; that the party of the second part should have the use of a certain saw mill on the land putting the same in running order and at the termination of the contract, leave the said mill in as good condition as he received it, natural wear and tear excepted; that the party of the second part should saw said lumber as fast as the parties of the first part might want their share for use or sale, unless prevented by high water or bad weather.

Appellee instituted this suit against appellant to recover the value of certain lumber alleged to have been taken by appellant from the share belonging to appellee, together with the expense incurred by appellee in setting up a new boiler in the saw mill. Upon the trial in the Circuit Court there was a verdict and judgment against appellant for $356.62.

. For a reversal of the judgment appellant urges that the trial court admitted improper evidence on behalf of appellee, and that the verdict is against the manifest weight of the evidence.

Shortly after the contract was entered into appellee claims to have discovered that the boiler in the saw mill was unfit for use. Appellee then notified appellant that he could not do the work under the contract. Appellee claims that appellant in order to induce him

282     APPELLATE COURTS OF ILLINOIS.

VOL. 134.]     Springfield Cons. Ry. Co. v. Stratton.

to proceed under the contract agreed to supply another boiler and to pay him for the labor of setting the same up. Another boiler was procured by appellant and set up by appellee.

It is urged that the trial court erred in permitting appellee to show a parol agreement changing and modifying the terms of the written contract under seal. Unquestionably an executory contract under seal cannot be changed or modified by a parol agreement, but where a contract under seal has been fully executed as modified by a parol agreement, evidence of such parol agreement is competent. Snow v. Griesheimer, 220 Ill. 106. The evidence tends to show that the contract here involved was fully executed as modified by the parol agreement, and evidence of such parol agreement was, therefore, competent and properly admitted.

Counsel for appellant, upon the trial, evidently understood the evidence to be competent under the rule stated, as he did not object and except to its admission.

The evidence in the record as to the quantity of lumber sawed by appellee and how much, if any, of his share of the lumber was appropriated by appellant, is in hopeless conflict. We are not prepared to say that the jury did not properly solve the problem submitted to them. The record is free from error and the judgment will be affirmed.

*Affirmed.*