7. CONTINUANCE, § 60*—*necessity of striking motion from files after ruling thereon.* Where a motion for a continuance has been denied by the court, it is unnecessary to strike the motion from the files, and it is not proper to do so.

8. APPEAL AND ERROR, § 1568*—*when error of clerk in entering up default harmless.* Error of the clerk in entering up a default judgment, by writing it up as a judgment for want of an "appearance" instead of for want of a "plea," *held* not reversible error.

9. JUDGMENT, § 126*—*remedy when entry of default irregular.* Where the entering of a default judgment was irregular, *held* it was the duty of the defendant, on appearing in court the next day and during the same term of court, to have moved to set aside the judgment instead of taking an appeal.

10. COSTS, § 67*—*damages for prosecuting appeal for delay.* Four hundred dollars allowed as damages for prosecuting an appeal for delay.

---

### Kendrick E. Bills, Appellee, v. Arthur B. Cooling, Appellant.

#### Gen. No. 5,949.    (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

#### Statement of the Case.

Action by Kendrick E. Bills against Arthur B. Cooling to recover four months' rent claimed to have accrued since defendant had vacated the premises. The facts show that defendant had occupied a building under a three-year written lease at a stipulated rental payable monthly, and that he held over eight months of the fourth year and then vacated the premises. There was a judgment for plaintiff on the theory that defendant had become a tenant from year to year and that when he held over into the fourth year he became liable for the whole year's rent. To reverse the judgment, defendant appeals.

---

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

CARL E. SHELDON, for appellant.

HENRY C. WARD and PHILIP H. WARD, for appellee.

MR. JUSTICE WHITNEY delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict will not be disturbed.* In an action for rent, on the theory that defendant as a holdover tenant was liable as a tenant from year to year, where the defense was that there was an arrangement that defendant was to hold over as a tenant from month to month, *held* that a verdict for plaintiff on conflicting evidence would not be disturbed.

2. LANDLORD AND TENANT, § 88*—*when tenant holding over liable for full year's rent.* A tenant for three years who held over after the expiration of the lease for eight months and then moved out, *held* liable for the whole of the fourth year's rent, on the theory that he became a tenant from year to year (following *Clinton Wire-Cloth Co. v. Gardner,* 99 Ill. 151.)

---

## Harry G. Thomas, Appellee, v. Addison J. Platt, Mayor, Appellant.

### Gen. No. 5,952.   (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

### Statement of the Case.

Petition filed by Harry G. Thomas for a writ of mandamus to compel Addison J. Platt, mayor of the city of Sterling, to sign a warrant for electrical services rendered for the city by the petitioner, the warrant having been made out by the clerk after the city council voted to allow the bill. Respondent demurred to the petition, but before the court acted on the de-

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.