Simon L. Levy, Appellant, v. Louis Greenberg et al., Trading as Progress Suit Case Company, Appellees.

Gen. No. 34,671.

542

Opinion filed May 13, 1931.

JACOB LEVY, for appellant; JAMES M. GWIN, of counsel.

FRANK & SHOMBERG, for appellees; MARCUS LEVY, of counsel.

MR. JUSTICE FRIEND delivered the opinion of the court.

On February 20, 1930, Simon L. Levy, plaintiff, procured a judgment by confession on a lease, in the municipal court of Chicago, against defendants in the sum of $1,105. Thereafter on April 14, 1930, on petition of defendants, the judgment was vacated and set aside, and defendants' petition allowed to stand as their affidavit of merits in said cause. The case was tried before the court, without a jury, resulting in the reduction of the original judgment from $1,105 to $155. This appeal is prosecuted to reverse the latter judgment.

The cause was submitted to the court upon stipulated facts, showing that plaintiff and defendants executed a written lease on the 2nd day of November, 1925, effective for a term commencing December 1, 1925, and ending November 1, 1930; that defendants took possession of the premises and paid to plaintiff the sum of $135 per month up to and including November, 1926; that subsequently an oral agreement was made between the parties to reduce the rent to $110 a month, which sum was paid by defendants and accepted by plaintiff, but no receipt or release given for said payments; that in February, 1930, a suit for possession of the premises was instituted by plaintiff against defendants, resulting in a judgment on February 26,

1930, for possession in favor of plaintiff, for failure to pay the February rent; that on February 20, 1930, the judgment sued on was obtained by confession upon the lease in question in the sum of $1,105, covering the months commencing December, 1926, down to and including January, 1930; that the amount of the judgment represents the difference in rent of $25 per month for each month during that period, and $135 for the month of February, 1930.

The trial court based its finding and judgment on the theory that the reduction of rental by oral agreement of the parties constituted a valid gift of $25 per month as each monthly payment was made. Plaintiff, however, contends (1) that an oral agreement to reduce the monthly rental under a written lease is in violation of the rule of law prohibiting a sealed instrument to be varied by an oral agreement; (2) that the payment of a liquidated sum by paying a lesser sum does not discharge the indebtedness; and (3) that a parol agreement to reduce rent without consideration is a mere *nudum pactum*.

It is conceded that the foregoing propositions were the settled law in this State as applied to facts similar to those involved in the instant case, until the Supreme Court in *Snow v. Griesheimer*, 220 Ill. 106, modified the earlier decisions and held that "so long as the contract remained executory, the landlord had a right to repudiate the parol agreement and claim the full amount of rent contracted for," but that if the parties have executed the contract as modified, it ceases to be executory, will be treated as an executed contract and will not be disturbed by the court.

In the *Griesheimer* case, as here, a judgment by confession was entered under a power of attorney contained in the lease, which had by its terms expired prior to the date upon which the judgment was entered. The facts disclose that there was an agreement to re-

duce the monthly rental of $500 to $416.66 for the remainder of the term, and that the latter sum was received and accepted by the plaintiff, although she did not assent to the claim that payments were in full of rent for the entire period and only credited them on account over a portion of the term. It was there contended that the court erred in admitting evidence of the oral agreement to reduce the rent for the reason that an executory contract under seal cannot be modified or changed by an agreement not under seal. The court approved the proposition contended for as the settled law of this State and cited *Goldsborough v. Gable,* 140 Ill. 269, which is one of the cases relied upon herein by plaintiff, but modified the doctrine by saying that:

"So long as the contract contained in the lease under seal remained executory, the plaintiff had a right to repudiate the parol agreement and claim the full amount of rent contracted for. The rule of law, however, is one that defeats the intention of the parties, and while it should be enforced in every case to which it applies, it is not to be extended to other cases to which it does not properly apply. If the parties have executed the contract as modified, so that nothing remains to be done by either party, it is no longer executory and the contract as executed will not be disturbed."

This court had occasion to consider the same question in the case of *Doyle v. Dunne,* 144 Ill. App. 14. In that case it was held that a parol agreement to reduce rent, entered into by a lessor without consideration, is a mere *nudum pactum,* not binding, and while the lease remains executory, is not susceptible of being enforced, but that a reduction accomplished periodically as the rent accrues by accepting a sum less than the stipulated rent for such period is valid and constitutes an executed gift.

The theory of the foregoing cases is that the difference in the amount contracted for and the amount actually paid by the tenant, as rental, is considered waived and released, and cannot thereafter be claimed and recovered by the lessor.

It is urged by plaintiff, however, that the agreement for a reduction of rent was a unit, and because defendants did not continue to pay the reduced rental, or any other rental, up to the expiration of the term, he is now entitled to recover the difference between the amount stipulated in the lease and the reduced sum agreed to by the parties. This same contention was made by the lessor in *Kafka v. Peterson,* 257 Ill. App. 625 (Abst.). In that case the tenant paid the reduced rental for the months of November and December, 1927, and January and February, 1928, but failed to pay any rent for March and April, 1928, by reason of which he was evicted in forcible detainer. In commenting on this contention the court said:

"Defendant argues that this reduction was without consideration; that the whole agreement was not executed; that the agreement was a unity and that since it was executed only in part by plaintiffs, defendant is entitled to a return of the four hundred ($400) dollars heretofore allowed. . . . She concedes that an agreement to make a gift, such as this, when fully executed, is binding and that the law will not undo it, but urges that in cases where the agreement is not executed or executed only in part, the law will treat it as void *in toto;* that the agreement here was for six months, but that since plaintiff failed to pay any rent for March or April, they are not entitled to retain the amount already received by way of rebate; in other words, that the promised gift was a unity, and not having been completed, was not binding on the defendant. . . . The evidence here discloses, we think, not a gift as a unity but a gift of separate and distinct items each month,

and when the same were paid and accepted we think the gift was in each case complete and irrevocable.''

As indicated by the court in *Doyle v. Dunne, supra,* the test is not whether there was a consideration for the reduction of the rent, but whether the gift was executed or unexecuted. Applying this test to the facts stipulated herein, it clearly appears that the agreement for the reduced rental was executed by the parties during a large portion of the term and required no consideration. Under the authorities, hereinbefore cited, we are disposed to regard the reductions in rental as gifts of separate and distinct items each month, and when the same were paid and accepted, we believe the gift in each case was complete and irrevocable, as held by the court in *Kafka v. Peterson, supra.*

Plaintiff seeks to distinguish the cases of *Snow v. Griesheimer* and *Doyle v. Dunne, supra,* upon the ground that in both of those cases the leases had by their terms expired before judgment was confessed thereon. This distinction is not important, however, under the theory of a gift as applied to the stipulated facts in this case. It was manifestly the clear intention of the parties that the rental should be reduced from $135 a month to $110 a month, and the stipulated facts indicate that this oral agreement was made without limitation, and the lesser sums accepted by plaintiff without any receipt or release indicating a limitation thereon.

For the reasons stated we are of the opinion that the trial court properly reduced the judgment originally entered from $1,105 to $155, and the finding and judgment will accordingly be affirmed.

*Affirmed.*

WILSON, P. J., and HEBEL, J., concur.