SQUIRE, Superintendent of Banks of Ohio, v. LEVAN.

No. 19826.

District Court, E. D. Pennsylvania.

Feb. 6, 1940.

438

Jenkins, Bennett & Libby and Scott Seddon, all of Philadelphia, Pa., for plaintiff.

KIRKPATRICK, District Judge.

■ This is a motion for judgment on the pleadings, which consists of a statement of claim and affidavit of defense, filed before the effective date of the new rules, in conformity with the Pennsylvania practice. The application of the new rules, being feasible and not working injustice, they will be held to govern.

■ The affidavit of defense consists of a number of sham denials. If attorneys were more mindful of their obligation to the court in respect of honesty in pleading, a situation of this kind would not arise. To draw and file a pleading which states that a reasonable investigation was made without being able to obtain knowledge whether the plaintiff, who sues as Superintendent of Banks of the State of Ohio, is in fact the Superintendent as averred, is plainly in total disregard of this obligation. The same may be said of a similar denial by a stockholder of a bank of such matters of public record and general knowledge as the facts that the bank was a corporation organized under the banking laws of the State of Ohio, and had its principal place of business in Cleveland, Ohio, and that the Superintendent of Banks took possession of the bank after the closing of the bank and has been liquidating it.

On the whole I feel fully justified in applying the strict letter of the rules against a party who has seen fit to take the position which this defendant has. Rule 8(b), 28 U.S.C.A. following section 723c, provides that if a party "is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial." This defendant has not so stated. What he has said is that he has no knowledge of the truth or falsity of the facts. In any proceeding to hold him personally responsible for such a statement, the defendant would undoubtedly say that all he meant to deny was actual, first-hand knowledge. He has not said that he does not have knowledge or information sufficient to form a belief, which is what the rule requires. As this court said in Nieman v. Bethlehem Nat. Bank, 32 F.Supp. 436, "It may seem like a fine distinction, but it just enables the defendant and his attorney to avoid filing a patently false answer, and hence the propriety of a strict application of the rule."

■ The averments of the affidavit of defense are therefore all held to be insufficient denials of the facts stated in the statement of claim, and those facts, for the purpose of this motion, are taken as admitted.

■ As to the legal defense arising from the repeal of the Ohio constitutional provision and laws thereunder, whatever the rule in other jurisdictions may be, it is plain that in Ohio the stockholder's obligation is contractual and is not abrogated by the repeal of the law imposing it. The law of Ohio governs.

Judgment may be entered for the plaintiff for the amount claimed, with interest.