## HINES v. WARD BAKING CO.
### No. 8812.

Circuit Court of Appeals, Seventh Circuit.
May 3, 1946.

John H. Lyle, P. F. Murray, and E. H. Gager, all of Chicago, Ill., for appellant.

Thomas Robert Mulroy, of Chicago, Ill. (A. M. Grean, Jr., of New York City, and C. Ives Waldo, Jr., of Washington, D. C., of counsel), for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Plaintiff appeals from a judgment entered on the pleadings in his suit to recover additional employment compensation from defendant. He urges that the court erred in, (1) holding as a matter of law that an executed modified employment contract requires no consideration; (2) striking from his pleadings an averment of conversations between him and defendant's vice president, alleged to have been the basis of inducement to plaintiff to sign the modified agreement, and, (3), failing to hold that his original contract was, by his continuation in defendant's employment without execution of a new one, automatically extended for a period of five years. He prays, in the alternative, in this court for the first time that, if the entire amount demanded, some $54,000, may not be allowed him, he recover either $14,830 or $11,330. Defendant insists that the court's rulings were proper and that the judgment should be affirmed.

The undisputed facts, as culled from the pleadings upon which judgment was entered, follow. Plaintiff became an executive employee of defendant under a contract beginning August 1, 1931, terminating at the end of five years, at an annual salary of $35,000, payable in equal monthly installments on the last day of each month. On May 1, 1933, plaintiff wrote defendant that it was "agreeable" to him to accept

a temporary 10% reduction in his salary, effective May 8, 1933, and, on May 20, 1933, that he understood that the reduction referred to in his letter of May 1 should apply for the balance of his contract period, provided, however, that he be free to submit to the board of directors for its consideration at any time a partial or complete restoration of his salary to the rate specified in the contract "for the then unexpired balance of its term." From that date until July 31, 1936, plaintiff continued in defendant's employment, receiving, accepting and retaining compensation at the reduced figure in equal monthly installments without protest. The original five-year term having expired on July 31, 1936, plaintiff continued in defendant's employment for an additional year at the same reduced rate without further negotiation or arrangement of any character. On July 1, 1937, defendant wrote plaintiff that, although his contract had expired July 31, 1936, and had not been renewed and he had continued in the company's employment at the rate of compensation provided in the modified contract, his employment would terminate on July 31, 1937. On July 31, 1937, plaintiff acknowledged receipt of this letter; and on the same day defendant wrote plaintiff further that, although his employment had been terminated as of that day, the company desired him to do some special work for it in its labor relations for the compensation of $100 per day and expenses, this arrangement to continue until such time as the company should determine to end it. On the same day plaintiff replied that the proposition as set forth in this letter was "agreeable to him" and he thereafter continued in defendant's employment for some four years on this basis.

The District Court found that the letters of May 20, 1933, constituted a modified contract of employment under which plaintiff agreed to accept a lesser compensation for future services than that provided in his original contract; overruled plaintiff's contention that the modification was not effective for the reason that it lacked consideration and held that no consideration is necessary to support a modified agreement to accept a smaller sum for work to be done in the future than that originally specified, if thereafter it is fully executed. This holding we approve. Ordinarily an agreement modifying a former agreement by promising to accept a lesser sum in lieu of a liquidated, matured contracted amount is without consideration and void. The law of Illinois, in accord with the general authority, recognizes an exception that, where the modified contract is to be and actually is thereafter fully performed as to sums maturing after such new agreement, no consideration need be shown. Illinois holds that if the parties proceed to execute fully the modified agreement, so that nothing remains to be done by either party and it is no longer executory, the contract as executed will not be disturbed; that, so long as the modified agreement remains executory, the party waiving the greater amount and accepting the lesser has a right to repudiate the agreement and claim the full amount specified in his original contract; that while the modified agreement remains executory, one may rightfully demand full payment of the specified payments, but that, having the right to waive performance of the original agreement and carry the modified contract into effect, if he does so and fully performs and accepts the benefit of the new agreement, he cannot thereafter repudiate it and sue for the larger sum. Snow v. Griesheimer, 220 Ill. 106, 77 N.E. 110; Doyle v. Dunne, 144 Ill.App. 14; Levy v. Greenberg, 261 Ill.App. 541. Cases from other jurisdictions supporting this are Romaine v. Beacon Lithographic Co., 13 Misc. 122, 34 N.Y.S. 124; State v. American Surety Co., 137 Or. 394, 300 P. 511, 2 P.2d 1116; Julian v. Gold, 214 Cal. 74, 3 P.2d 1009, 1010; Nordfors v. Knight et ux., 90 Utah 114, 60 P.2d 1115; Price v. Price, 24 Cal.App.2d 462, 75 P.2d 655; Bishop on Contracts, 2d Ed. 37; Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 62 Idaho 683, 115 P.2d 401; 17 C.J.S., Contracts, § 376, p. 862.

Plaintiff places emphasis upon Fichter v. Milk Wagon Drivers' Union, 382 Ill. 91, 46 N.E.2d 921, but we think the facts of that case render its pronouncements in-

applicable to the present record. There plaintiff, a member of a union, paid his dues until he sustained a permanent injury in 1928. The by-laws of the union then provided for accident and illness benefits at the rate of $20 a week throughout the continuation of the disability, with an additional $2 per week for wife and for each child under 16 years of age. The union paid Fichter at the rate of $26 weekly until December, 1935, when it amended the by-laws and advised him that it would thereafter pay him $20 per week for 92 weeks and after that nothing further. He accepted the $20 per week for 92 weeks and then sued for the payments accruing thereafter under the original by-laws. The court held that Fichter's right to payments vested at the time of his injury and that he could not be deprived of that right by a later ex parte amendment to the by-laws. Obviously the facts are not parallel to those at bar and the resulting distinction in law is equally manifest.

█ Plaintiff's complaint of the action of the court in striking from his reply averments of oral conversations with an executive of the company preliminary to the execution of the modified agreement runs directly in the face of hornbook law forbidding modification of written agreements by proof of preliminary parol negotiations or inducements. Illinois recognizes the elementary principle that, where no doubt exists as to the meaning of words used in a writing, extrinsic evidence is not admissible to show the intention of the parties in using those words or the circumstances surrounding the execution of the agreement. Buchanan v. Swift, 7 Cir., 130 F.2d 483; Armstrong Paint & Varnish Works v. Continental Can Co., 301 Ill. 102, 133 N.E. 711; Robbs v. Illinois Rural Rehabilitation Corp., 313 Ill.App. 418, 426, 40 N.E.2d 549; Wilkin v. Citizens National Bank, 298 Ill.App. 38, 18 N.E.2d 251; Chicago Auditorium Ass'n v. Corporation of Fine Arts Building, 244 Ill. 532, 91 N.E. 665, 18 Ann.Cas. 253. Under these authorities, it is only when the terms of the agreement are ambiguous, when there is doubt as to the sense and meaning of the written contract, that resort may be had to parol evidence for the purpose of ascertaining the intention of the parties. Here we think there is no ambiguity, no lack of certainty as to the meaning of the modified agreement. In his letter of May 20, 1933, plaintiff said "It is understood that the 10% reduction in my salary referred to * * * shall apply for the balance of my contract." The only condition reserved was that he would be free to submit to the Board of Directors for its consideration at any time "partial or complete restoration" of his salary to the rate specified in the original contract "for the then unexpired balance of its term." Here is an unequivocal agreement to the lesser compensation with reservation of a right which would exist independent of its expression, namely, the right to apply for higher compensation. There being no ambiguity and no uncertainty, the court rightfully struck from plaintiff's reply its averments of immaterial and irrelevant preceding conversations, for, inasmuch as the evidence to support the allegation would be immaterial and impertinent, the pleading likewise must fail because of the same defect.

█ Plaintiff contends that, inasmuch as his employment was continued by defendant after the termination date of the original contract, he "held over for the same period and on the same terms as the original contract." It is quite generally held that where one is employed under a contract having a duration of only one year and continues in the same employment and receives the same rate of pay for a short period subsequent to the termination of the contract, he will hold over in his employment on the original terms for another year pursuant to an agreement inferred by law. But it is equally true that, where the original term is for more than a year, a continuation in employment will not support a presumption of continuation for a renewal of the original term but, at the most, only of employment from year to year thereafter. 39 C.J. 49. Illinois adheres to this doctrine in contracts of leases, the law of which is analogous. Grover & Baker, etc., v. Bulkley, 48 Ill. 189, 192; Fish v. Marzluff, 128 Ill.App. 549, 551; Besley v. Ridgely, 195 Ill.App. 435;

Bills v. Cooling, 187 Ill.App. 642. At best, therefore, plaintiff could urge a renewal for only one year and, inasmuch as his contract was formally terminated at the end of that year and a new one made for continuation thereafter upon specified different terms, there is no implied renewed contract.

We have examined the pleadings to ascertain whether the facts as pleaded, as we have narrated them, are sufficient to support the judgment as required by Rules 8(b) and 8(d) of Federal Rules of Procedure, 28 U.S.C.A. following section 723c. We think there can be no question that every fact essential to complete final action by the court was present and that there were no averments of plaintiff which would necessitate a trial. Nieman v. Bethlehem National Bank, D.C., 32 F.Supp. 436; Reed v. Hickey, D.C., 2 F.R.D. 92; Squire v. Levan, D.C.E.D.Pa.1940, 32 F. Supp. 437.

Complaint is made of the letter of July 31, 1937. It is said that the statement of the company therein is self-serving. In that document defendant reiterated termination of plaintiff's prior employment and proposed special re-employment at $100 a day and expenses. Plaintiff's reply to the letter is silent as to any denial of the averments of termination, but contains his voluntary avowal that "the proposition * * * is entirely agreeable to me * * *." Here again is no uncertainty but a clear meeting of the minds upon a new employment contract, which was afterwards performed. The fact that there may be a self-serving statement in the first letter does not disqualify that instrument as evidence, inasmuch as plaintiff's reply shows acquiescence therein. Kesner v. Faroll, 268 Ill.App. 531; National Importing & Trading Co. v. E. A. Bear & Co., 324 Ill. 346, 155 N.E. 343; Fenno v. Weston, 31 Vt. 345; Lotty v. Leona Holding Corp., 98 Misc. 625, 163 N.Y.S. 86; 31 C.J.S., Evidence, § 297, pp. 1065, 1066; Jones on Evidence, 2d Ed., Sec. 1050.

We have examined other contentions of the plaintiff and find them without merit.

The judgment is affirmed.