JAMES C. ROCKER *et al.*, Plaintiffs-Appellees, *v.* LARRY HUBERT MURPHY *et al.*, Defendants-Appellants.

(No. 74-167; )

Third District—January 24, 1975.

Dorothy O'Dean, of Rock Island, for appellants.

McGehee, Boling & Whitmore, Ltd., of Silvis (N. L. McGehee, of counsel), for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiffs, James and Vicki Rocker, brought this action in the circuit court of Rock Island County seeking to recover an amount due on a real estate sales contract from defendants, Larry and Linda Lou Murphy. The court sitting without a jury entered judgment in favor of the plaintiffs for $570, the amount which they requested. Defendants have appealed. We reverse.

The Rockers listed their house with a real estate agency associated with a multiple-listing service. A broker other than the one with whom the property had been originally listed secured an offer to purchase the premises for $20,000 from the Murphys. The offer to purchase in so far as it is pertinent to this litigation included a provision that the obligation of the buyers was contingent upon the buyers being able to secure financing of 95% of the selling price ($19,000). The offer to purchase was accepted by the sellers on April 19, 1973.

Early in June, 1973, Jack Rue, agent for the real estate broker, had telephone conversations with Rocker indicating that in order for the sale to be concluded and the Murphys to secure the mortgage financing, it would be necessary for the Rockers to pay a 3% discount to the mortgage company so that the company would make the required loan. Rocker admitted in his testimony that conversations had taken place, that he had agreed to pay the discount and that the first document forwarded by Rue authorizing the discount payment had been misplaced. Sometime after July 1 Rue again talked with Rocker and ascertained that the previous document had been mislaid, and Rue forwarded a new document. Sometime between July 1 and July 10, when the transaction was closed Rocker

and his wife signed the document authorizing the payment of the 3% discount ($570) and forwarded the statement to the attorney for the mortgage company.

The Rockers were represented by an attorney, Layne McGehee, who on June 9, 1973, sent the warranty deed signed by the Rockers to the agent of the mortgage company with instructions concerning the payments to be made from the purchase price. The letter of instructions did not refer to the deduction of the discount, and in fact the Rockers did not talk with their attorney about the matter at all. The transaction was closed on July 10, 1973, and the check for the Rockers' equity was sent to McGehee with a statement of credits and disbursements including the fact that $570 had been withheld as a discount. Apparently McGehee called the mortgage company and ascertained that the Rockers had authorized the discount and he thereafter sent the net amount to the Rockers who accepted the amount and voiced no objection until sometime later.

As indicated earlier, the trial court entered judgment in favor of the sellers in the amount of $570, the amount of the discount. The buyers on their appeal urge that the sellers had admittedly agreed to pay the discount, that the agreement was supported by adequate consideration and that in any event the contract was completely executed and therefore could not support a cause of action by the plaintiffs.

The principal arguments advanced by the plaintiffs in support of the judgment are that the agreement to pay the discount was without consideration and that the defendants were entitled to enforce the original agreement without regard to any modification.

■■ With respect to the issue of consideration, it is our conclusion that the modification of the original agreement was supported by adequate consideration. The sellers' position seems to be that because the buyers were required to pay only $20,000 both before and after the modification of the contract, the sellers received no benefit from the modification which can be considered consideration. This is in our opinion an unwarranted conclusion. Before the modification the liability of the buyers, as well as the right of the sellers to enforce such liability, was contingent. After the sellers had agreed to pay the discount, the obligation of the buyers was no longer contingent but became unconditional, a fact of significant value and benefit to the sellers and hence legal consideration for the promise.

■■ In addition we believe the agreement was completely executed. Performance of the buyers' obligations had been tendered to and accepted by the sellers, and the sellers had completely performed their obligations under the contract by delivering the warranty deed to the

buyers. We believe this case falls within the rule announced in *Hines v. Ward Baking Co.* (7th Cir. 1946), 155 F.2d 257, and precludes the assertion of any claim by the sellers once the performance of the contract by the buyers has been accepted and in the absence of a claim of fraud, duress, mistake or other improper influence.

For the foregoing reasons the judgment of the circuit court of Rock Island County is reversed.

Judgment reversed.

ALLOY and BARRY, JJ., concur.