DENNIS A. DAVISON, Plaintiff-Appellant, v. BOARD OF TRUSTEES OF CARL SANDBURG COLLEGE, DISTRICT No. 518, Defendant-Appellee.

Third District   No. 3—84—0426

Opinion filed March 22, 1985.—Modified on denial of rehearing June 4, 1985.

STOUDER, J., dissenting.

Timothy L. Bertschy, of Heyl, Royster, Voelker & Allen, of Peoria, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The plaintiff-appellant, Dennis A. Davison, brought suit against the defendant-appellee, board of trustees of Carl Sandburg College, District No. 518 (hereafter the college), to recover damages for the alleged breach of the plaintiff's employment contract. After a bench trial, judgment was entered for the defendant, and this appeal followed. We affirm.

We note at this point that no appellee's brief has been submitted by the college. It is well established, however, that where the record is simple and the court of review can easily decide the disputed errors without an appellee's brief, the reviewing court may decide the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The underlying facts of this case are not in dispute. Davison was

a full-time instructor at the college during the 1982-1983 academic year. In January of 1983, Davison and the college agreed that he would teach summer school that year. At the time the parties made that agreement, each understood that Davison would be paid at the rate for a full-time instructor.

In February 1983, Davison was denied tenure by the college. He was offered, however, a one-year probationary contract for the 1983-1984 school year. In April 1983, Davison informed the college through his supervisor and the board of trustees that he would resign. His resignation was accepted, and Davison's written contract of employment terminated by its terms on May 25, 1983.

Davison's summer employment was, therefore, not governed by the written contract. Instead, the contract for the summer employment was the oral agreement reached between the parties in January 1983. The terms of that contract indicated that Davison would be paid at the full-time rate.

After Davison tendered his resignation, the dean of students determined that his rate of pay for summer employment would be that of a part-time instructor. Davison was informed of this decision in late April or early May 1983. At that time, he objected to being paid at the part-time rate. The day before the summer term began, Davison's supervisor inquired as to whether he was going to teach summer school. Davison then said that he would teach.

Davison taught 12 hours of class during summer school. He was paid for that work at the part-time rate. The difference between his salary at the full-time rate and at the part-time rate was $1,200.

After receiving his first payment check for the summer work, he instituted a grievance proceeding against the college to obtain the higher full-time rate of pay. In addition, when Davison received checks from the college during the summer, he endorsed them on the back with the following language or words to this effect:

"My endorsement on this instrument does not imply my agreement that the amount is all that is due to me at this time."

The college refused Davison's grievance. The plaintiff then filed the instant action.

The trial court entered judgment in favor of the college, stating that the college had sought to modify the oral summer employment contract it had made with Davison so as to pay the part-time instructor rate. The trial court further held that such a modification would ordinarily be a *nudum pactum* because it was done without consideration, thereby giving the party against whom the change was sought the right to repudiate the modification and claim the full amount spec-

ified in the original contract. The trial court found, however, that one may waive performance of the original agreement and ratify the modified contract. If this is done and the party fully performs and accepts the benefit of the new agreement, he cannot later repudiate it and sue for the difference. Although Davison was under no obligation to teach summer school at the part-time rate, the court concluded that once he fulfilled his part-time teaching contract, he could not repudiate the modified contract and recover the full-time rate of pay.

We believe this view is essentially correct. The dean's actions amounted to an offer to modify an executory agreement. By carrying the modified contract into effect and accepting its benefits, Davison ratified the new agreement and waived performance of the original contract. *Hines v. Ward Baking Co.* (7th Cir. 1946), 155 F.2d 257; *Snow v. Griesheimer* (1906), 220 Ill. 106.

Davison contends that the *Hines* rationale is inapposite because there is no evidence here to indicate that he agreed to accept the terms of the modified contract before performance. Davison's actions prove otherwise.

Prior to the commencement of summer classes, Davison was asked by his supervisor whether he was going to teach. Although he never expressly agreed to work at the part-time rate, Davison was fully aware of the pay scale offered by the dean and responded without qualification that he would teach. Davison later changed his mind and protested after receiving his first paycheck, but he nonetheless completed the contract as modified. Accordingly, we affirm the judgment of the circuit court of Knox County.

Affirmed.

SCOTT, J., concurs.

JUSTICE STOUDER, dissenting:

I respectfully disagree with the reasoning and result reached by my colleagues. Only an appellant's brief was filed in this case; therefore, the appellant, Dennis Davison, has the burden of overcoming the presumption of propriety of the trial court decision. (*First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) In my opinion, Davison has successfully met this burden by indicating that the law relied upon by the trial court was inapplicable to the facts of this case.

The majority and the trial court rely on *Hines v. Ward Baking Co.* (7th Cir. 1946), 155 F.2d 257, as dispositive of this case. Each rely

on a general principle applied to facts substantially and legally different from those in the present case. In *Hines*, the plaintiff was employed under a five-year written employment contract. After two years, he agreed to a 10% reduction in salary for the remainder of the contract period. His agreement to the modification was in writing, which also provided that he could submit to the company a recommendation for a partial or complete restoration of his salary to the rate specified in the original contract. For the duration of the contract, he received and retained the lesser salary. Later, he sought recovery of the difference; however, the trial court ruled against him and the appellate court agreed, holding that if parties proceed to execute fully the modified agreement so that nothing remains to be done by either party and the agreement is no longer executory, the contract as executed will not be disturbed.

In the present case, Davison did not agree to the college's unilateral modification of the oral employment contract. Further, his conduct in no way evinced acceptance, either tacit or otherwise, of the terms, as suggested by the majority. Davison never agreed to teach at the part-time rate. He instituted a grievance proceeding against the college, and he also endorsed the paychecks he received with language to the effect that his endorsement did not imply an agreement to the modification.

If the majority's theory is correct, namely, Davison's only cause of action was for breach of contract at the time the college indicated it did not intend to perform its obligation by paying Davison at the full-time teachers rate, we would reach the result that the college would be obligated to pay in full for the summer school term at the higher rate, but only if Davison did not teach. Clearly such a result is not reasonable, and the college would be the first to complain about the inequities of such a result.

I would reverse the decision of the trial court and enter judgment for Davison.